## STATE VS. BENJAMIN F. VAN WINKLE.

1. INTOXICATING LIQUORS—TRANSPORTATION—CONSTITUTIONALITY OF LAW.

Act April 8, 1913 (27 *Del. Laws, c.* 139), known as the "Hazel Law," prohibiting common carriers from transporting intoxicating liquors into local option districts, is constitutional. .

2.  COMMERCE—SUBJECTS OF REGULATION—JURISDICTION—INTOXICATING
    LIQUORS.
    *Act Cong. March* 1, 1913, *c.* 90, 37 *Stat.* 699, providing that the shipment
    of intoxicating liquors from one state, territory, or district into another, to be
    received, possessed, sold, or in any manner used, either in the original pack-
    age or otherwise, in violation of the law of the place of destination, is pro-
    hibited, is constitutional, and applies to an interstate shipment of intoxicat-
    ing liquors into local option territory in contravention of a state statute, and
    will render the carrier or its agent amenable to the state law for violations
    thereof.

(*November* 12, 1913.)

PENNEWILL, C. J., and BOYCE and CONRAD, J. J., sitting.

*Josiah O. Wolcott,* Attorney General, and *John B. Hutton,*
Deputy Attorney General, for the state.

*Daniel O. Hastings, Herbert H. Ward* (of *Ward, Gray and
Neary*) and *John Biggs* for the defendant.

Court of General Sessions, Kent County, October Term, 1913.

INDICTMENT (No. 32, June Term, 1913), for the violation of
*Chapter* 139, *Volume* 27, *p.* 340, *Laws of Delaware,* known as the
"Hazel Law", by delivering to one Smith in local option territory
in Delaware, to wit, Kent County, as agent of the Adams Express
Company, malt liquor which had been received by said company
in the State of Pennsylvania, for the purpose of being transported
to and delivered in local option territory within the State of
Delaware, to wit, Kent County.    (See *State v. Grier, ante,* also
88 *Atl.* 579.)

The case was submitted on an agreed statement of facts
before a jury, whose verdict was to be given under the direction
of the court.

Verdict of guilty.    Writ of error sued out of Supreme Court
by defendant.

The indictment was as follows:

"The grand inquest for the State of Delaware and the body
of Kent County, on their oath and affirmation respectively, do
present:

"That Benjamin F. Van Winkle, late of Duck Creek Hundred,
in the county aforesaid, on the ninth day of August, in the year
of our Lord one thousand nine hundred and thirteen, with force
and arms, at Duck Creek Hundred, in the county aforesaid, he,

the said Benjamin F. Van Winkle, then and there being agent of Adams Express Company, said Adams Express Company then and there being a common carrier of goods, wares and merchandise, did unlawfully and knowingly deliver malt liquor, to wit, lager beer, to one Henry M. Smith, in the hundred aforesaid, the hundred aforesaid then and there being in local option territory in the State of Delaware, and the said liquor then and there having been transported by said Adams Express Company for delivery to the said Henry M. Smith in the hundred aforesaid, he, the said Henry M. Smith, then and there not being a physician or druggist, or a proper officer of a church receiving said liquor for sacramental purposes; against the form of an act of the General Assembly in such case made and provided, and against the peace and dignity of the state.

"And the jurors aforesaid, on their oath and affirmation respectively, do further present: That Benjamin F. Van Winkle, late of Duck Creek Hundred, in the county aforesaid, on the ninth day of August, in the year of our Lord one thousand nine hundred and thirteen, with force and arms, at Duck Creek Hundred, in the county aforesaid, he, the said Benjamin F. Van Winkle, then and there being agent of Adams Express Company, said Adams Express Company then and there being a common carrier of goods, wares and merchandise, did unlawfully and knowingly deliver malt liquor, to wit lager beer, to one Henry M. Smith in the hundred aforesaid, the hundred aforesaid then and there being in local option territory in the State of Delaware, and the said liquor then and there having been brought into the hundred aforesaid by said Adams Express Company for delivery to said Henry M. Smith, he, the said Henry M. Smith, then and there not being a physician or druggist, or a proper officer of a church receiving said liquor for sacramental purposes; against the form of an act of the General Assembly in such case made and provided, and against the peace and dignity of the state.

"And the jurors aforesaid, on their oath and affirmation respectively, do further present: That Benjamin F. Van Winkle, late of Duck Creek Hundred, in the county aforesaid, on the ninth day of August, in the year of our Lord one thousand nine

hundred and thirteen, with force and arms, at Duck Creek Hundred, in the county aforesaid, he, the said Benjamin F. Van Winkle, then and there being agent of Adams Express Company, said Adams Express Company then and there being a common carrier of goods, wares and merchandise, did unlawfully and knowingly deliver malt liquor, to wit, lager beer, to one Henry M. Smith in the hundred aforesaid, the hundred aforesaid then and there being in local option territory in the State of Delaware, and the said liquor then and there having been carried into the hundred aforesaid by the said Adams Express Company for delivery to the said Henry M. Smith in the hundred aforesaid, he, the said Henry M. Smith, then and there not being a physician or druggist, or a proper officer of a church receiving said liquor for sacramental purposes; against the form of an act of the General Assembly in such case made and provided, and against the peace and dignity of the state."

The case stated was as follows:

"And now, to wit, this tenth day of November, A. D. 1913, it is agreed by and between Josiah O. Wolcott, Attorney General of the State of Delaware, and Daniel O. Hastings, Herbert H. Ward and John Biggs, attorneys for Benjamin F. Van Winkle, the defendant in the above-stated case, that the following case be stated for the opinion of the court:

"That Benjamin F. Van Winkle was on the ninth day of August, A. D. 1913, and for a long time prior thereto, the agent of the Adams Express Company at the Town of Smyrna, located in Duck Creek Hundred, Kent County, State of Delaware; that the said Adams Express Company was on the said ninth day of August, and for a long time prior thereto, a common carrier of goods, wares and merchandise, and now is and then was authorized to do business as a common carrier in all parts of the State of Delaware and in other states, including the State of Pennsylvania; that it was within the scope of the employment of the said Benjamin F. Van Winkle, as agent as aforesaid, to deliver as agent aforesaid goods, wares and merchandise transported and carried by said Adams Express Company and consigned to persons in the Town of Smyrna aforesaid; that on the ninth day of August, A. D. 1913,

Consumers Brewing Company, a corporation doing business in the City of Philadelphia, State of Pennsylvania, pursuant to the direction of one Henry M. Smith, delivered to said Adams Express Company, a common carrier as aforesaid, in the said City of Philadelphia, one crate of malt liquor, to wit, beer in bottles, consigned to and to be transported, carried and delivered to said Henry M. Smith, of the Town of Smyrna, in Duck Creek Hundred, State of Delaware; that the said malt liquor was known to be such, and was so received by said Adams Express Company, and promptly transported and carried by it as common carrier aforesaid, by means of a continuous and unbroken transportation from the said City of Philadelphia, in the State of Pennsylvania, through New Castle County, in the State of Delaware, to the Town of Smyrna, in Kent County, State of Delaware, where it was received by the said Benjamin F. Van Winkle in the course of his employment as agent as aforesaid for delivery to the said Henry M. Smith, and was delivered by the said Benjamin F. Van Winkle in the course of his employment as agent as aforesaid to the said Henry M. Smith; that at the time the said malt liquor was so delivered by the said Benjamin F. Van Winkle the said Benjamin F. Van Winkle knew that it was malt liquor, to wit, beer, that he was delivering in manner aforesaid; that the said malt liquor was intended by the said Henry M. Smith to be used by him for his own consumption, and he did not intend to sell or otherwise unlawfully dispose of the same; that the purpose for which the said liquor was to be used was known to the said Adams Express Company and to its agent, the said Benjamin F. Van Winkle; that the said malt liquor had been theretofore purchased by the said Henry M. Smith from the said Consumers Brewing Company by sending a written order therefor from the Town of Smyrna aforesaid to the said Consumers Brewing Company at the City of Philadelphia aforesaid, together with the purchase price therefor, through the mail, directing that the said beer be shipped to him, the said Henry M. Smith, by the said Adams Express Company; that the said Consumers Brewing Company was authorized under the laws of the State of Pennsylvania to sell the said

malt liquor; that the said Adams Express Company intended at the time the said malt liquor was so received by it to transport, carry and have the same delivered by its agent in the manner aforesaid, and the said Benjamin F. Van Winkle intended when the said malt liquor was so received by him to deliver the same as aforesaid as agent as aforesaid; that the said Henry M. Smith was not then and there a physician or druggist, or a proper officer of a church receiving said liquor for sacramental purposes; that the said Kent County was then and there a district where under the provisions of *Article* 13 of the *Constitution* of the State of Delaware, known as the 'Local Option Article,' the majority of the qualified voters had voted against the license and in favor of the prohibition of the manufacture and sale of spirituous, vinous and malt liquors, except for medicinal and sacramental purposes. If the court shall be of the opinion upon the facts aforesaid that under the laws of the State of Delaware and of the United States of America a crime punishable under the laws of the State of Delaware is stated or shown to have been committed, then judgment shall be entered against said defendant upon the verdict of the jury charged accordingly by the court upon the said admitted facts; and if the court shall be of the opinion upon the facts aforesaid that under the laws of the State of Delaware and of the United States of America a crime punishable under the laws of the State of Delaware is not stated or shown to have been committed, then judgment shall be entered accordingly upon a verdict of 'not guilty'. The said defendant, in case of a judgment against him as aforesaid, reserves the right to except to the charge of the court upon the law."

## DEFENDANT'S PRAYERS.

1.  To return a verdict of not guilty.

2.  That the act of the Legislature under which the defendant is indicted, being *Chapter* 139, *Volume* 27, *Laws of Delaware*, is unconstitutional in that it violates *Section* 16, *Article* 2, of the state Constitution which provides that the subject of every bill shall be expressed in its title.

3.   That said *Chapter* 139, *Volume* 27, *Laws of Delaware*, is unconstitutional in that *section* 5 thereof violates the fourteenth amendment of the federal Constitution which provides that no state shall deny to any person within its jurisdiction the equal protection of the laws.

4.   That said *Chapter* 139, *Volume* 27, *Laws of Delaware*, is unconstitutional in that a portion of it abridges the privileges of citizens which are guaranteed by the fourteenth amendment of the federal Constitution.

5.   That beer, being an intoxicating liquor, is an article of commerce, and in this case is a lawful article of interstate commerce, and as such cannot be subject to state law as to its transportation and delivery as a part of such transportation in Kent County.

6.   That the federal statute of March 1, 1913 (37 *Stat.* 699, *c.,* 90), known as the "Webb-Kenyon Law," entitled "An Act divesting intoxicating liquors of their interstate character in certain cases," does not deprive the shipment in question of the protection of the interstate commerce law in that the shipment in question was intended by the consignee to be used for a lawful purpose.

7.   That if the said federal statute, known as the "Webb-Kenyon Law," is applicable by its terms to the case charged in the indictment in this case, yet that the said federal statute is unconstitutional.

8.   That the said act of Congress has no bearing on this case; that the indictment in this case was not based on that law and could not be, because a state court cannot punish the violation of a federal statute.

9.   That the shipment of beer referred to in the indictment in this cause was an interstate shipment from the State of Pennsylvania, into the County of Kent in the State of Delaware, said county being local option or dry territory in the last-mentioned state; that the indictment should therefore, have charged that the beer being intoxicating liquor, in question, was intended to be possessed, sold or in some manner used by the consignee in violation of the laws of the State of Delaware; that in any event,

State's Prayers.

even under the indictment as drawn, it is incumbent upon the state to prove that the liquor in question was intended to be sold, possessed or in some manner used by the consignee or some other ascertained and specified person in violation of the laws of the State of Delaware; that in the absence of such averment in the indictment, or in the absence of such proof, the prosecution in this cause must fail.

## STATE'S PRAYERS.

The state prayed that the prayers of the defendant be refused and that on the authority of the recent case of *State v. Grier*, decided at the October Term, 1913, of the Court of General Sessions, Sussex County, *ante*, and 88 *Atl.* 579, the jury be instructed to return a verdict of guilty.

On the same day it was agreed by the respective counsel, the court consenting thereto, that the questions involved should not be argued, inasmuch as the argument of counsel, and opinion of the court, in the case of *State v. Grier*, *ante*, and 88 *Atl.* 579 recently decided in Sussex County, covered all the points or questions raised in this case.

PENNEWILL, C. J., charging the jury:

Gentlemen of the jury:—The court decline to instruct the jury to return a verdict of not guilty. The court think this case is controlled by *State v. Grier*, 88 *Atl.* 579, recently decided in Sussex County, inasmuch as all the questions raised in the present case were raised and determined in the *Grier case*.

[1, 2] For the reasons given in the opinion delivered in the *Grier case*, which are applicable to the questions now raised, we hold that the statute of this state, known as the "Hazel Law", is constitutional, and the federal act, known as the "Webb-Kenyon Law", is also constitutional, and applicable to the present case, if the facts raise the same questions of law as to its applicability, as would be raised if the indictment were against the express company of which the defendant was agent, which is the contention made by the defendant.

The court are therefore of the opinion, upon the agreed statement of facts, that under the laws of the State of Delaware, and

Verdict.

of the United States of America, a crime punishable under the laws of the State of Delaware is stated or shown to have been committed by the defendant. Being of such opinion, the jury is charged and directed to return a verdict of guilty against the defendant; and it is ordered that judgment be entered against the defendant upon such verdict, in conformity with the terms and stipulations of the case stated.

Verdict, guilty.